## Case No. 13,222.

### SPEAR v. ABBOTT et al.[1]

Circuit Court, District of Columbia. Sept. 21, 1859.

PATENTS—PRACTICE—RULES FOR TAKING TESTIMONY—COMMISSIONER.

[1. The rule which requires a party to examine all his witnesses in chief before closing his opening examination only applies in a common-law tribunal in jury causes. It is not applicable in an interference case before the commissioner of patents.]

[2. The power to make regulations for the taking of testimony in contested cases in the patent office is expressly conferred on the commissioner (Act March 3, 1839, § 12; 5 Stat. 355). and is not subject to any control or revision on appeal.]

[3. Priority of invention of a combination of features to produce gas-burning stoves awarded to Abbott and Lawrence.]

[Appeal by James Spear from decision of the commissioner of patents on an interference declared, awarding to J. G. Abbott and A. Lawrence a patent as prior inventors of a certain combination of features to produce gas-burning stoves.]

DUNLOP, Chief Judge. The specifications and claims of the parties litigant in this case, with the drawings filed in the office, show the inventions claimed by appellant and appellees to be substantially the same, and the question to be decided is, who was the prior inventor? If the testimony of Bell and Lawrence was legally taken, and properly before the commissioner, and before me on appeal, there can be no doubt the appellees have established their priority, as inventors. It has accordingly been earnestly maintained by the counsel for Spear that the depositions of these witnesses must be excluded. He invokes the protection of the rule of practice in the courts of England and this country in the trial of common-law causes before a jury, which requires a party to examine all his witnesses in chief before he closes his opening examination, and forbids afterwards the introduction of any other than rebutting proof. This rule in jury trials produces order and method and expedition in the transaction of business, and promotes fairness and prevents fraud in the conduct of common-law causes. It makes a party show his hand to his adversary, prevents his splitting up his proof and retaining part for reply, and defeats the fraudulent purpose, if such exists, to make evidence to overcome and fit the defense. But the rule has no application in equity, or admiralty, or in any other than a common-law tribunal, in jury causes.

The proceedings in the patent office in contested cases have no resemblance to trials at law. The testimony is not taken before the commissioner of patents at the place of trial, but, as in equity, before a commissioner, at the place of residence of the witnesses, without any compulsory power in the patent office to coerce their attendance, and who may be scattered over the country, at remote and distant points from each other. The commissioner in the first instance, and the judge on appeal, decides both law and fact without the intervention of a jury. Besides, by section 12 of the act of congress of March 3, 1839, the power to make regulations for the taking of testimony in contested cases, in the patent office is expressly conferred on the commissioner, not subject to any control or revision by the appellate judge. In virtue of this power the following regulations have been adopted: Rule 41: "Upon the declaration of an interference, a day will be fixed for closing the testimony, and a further day fixed for the hearing of the cause. Previous to this latter day, the arguments of counsel must be filed, if at all." Rule 86: "That before the deposition of witnesses be taken, by either party, reasonable notice shall be given to the opposite party of the time and place, when and where, such deposition or depositions will be taken, so that the opposite party may cross-examine," etc., "and such notice shall. with proof of service of the same, be attached to the deposition or depositions, whether the party cross-examine or not, and such notice shall be given in sufficient time for the appearance of the opposite party, and for the transmission of the evidence to the patent office before the day of hearing."

These rules of the commissioner, made under the authority of the act of congress to which I have referred, give to either of the litigating parties the right to take depositions, without restraint, up to the day of hearing fixed by the office, or to a day near enough to give time for the transmission of the evidence to the patent office. While these rules are in existence, the parties are bound by them, and the judge on appeal must give effect to them, and, as the disputed depositions of Bell and Lawrence have been taken in conformation with the rules, they are properly and legally in the case. I add that the decision and practice of the office are in harmony with these rules, and the appellees had a right to rely upon them. If the rules are abused, and work wrong. which I do not mean to say, the commissioner has power to alter them, but such alteration could only operate prospectively.

These witnesses last referred to are not impeached, and they prove priority of invention for the appellees. It is argued that they contradict and falsify Sailor and Smith, the former witnesses of appellees, which appellees cannot lawfully do, as it is against law for a party to discredit his own witness; but this is not so. There is no contradiction, no necessary conflict. Sailor and Smith may have truly stated the time when the invention first came to their knowledge, and the other witnesses may have testified, also truly, to earlier dates, within their knowl-

edge. As the appellees made their application to the office for a patent within two years after perfecting their invention and reducing it to practice, I think the commissioner properly awarded them a patent; and I do this 21st September, 1859, affirm the judgment of the commissioner, of date the 8th day of August, 1859. I herewith return all the papers and models to the office, with this my opinion and judgment, this 21st September, 1859.